UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-61047-BLOOM/Valle

CAROL KING,

    Plaintiff,

v.

WALMART STORES EAST, LP *and*
JOHN DOE,

    Defendants.

_____/

## ORDER ON MOTION FOR REMAND

**THIS CAUSE** is before the Court on Plaintiff Carol King's ("King") Motion for Remand, ECF No. [23] ("Motion"). Defendant Wal-Mart Stores East, LP ("Wal-Mart") filed a Response in opposition to the Motion, to which King filed a Reply, ECF No. [27].[1] The Court has considered the Motion, the Response, the Reply, the record in this case, the applicable law, and is otherwise fully advised. For the following reasons, the Motion is granted.

**I.   BACKGROUND**

On June 2, 2023, Wal-Mart removed the above-styled action from the Seventeenth Judicial Circuit in and for Broward County, Florida pursuant to 28 U.S.C. §§ 1332, 1441, and 1446(b)(3), and Rule 81(c) of the Federal Rules of Civil Procedure. ECF No. [1] ("Notice of Removal"). King

---

[1] King filed exhibits with her Reply to support that Defendant Kareen McCalla ("McCalla") owed a duty to Plaintiff under the circumstances and that Defendants were on constructive notice of the hazardous condition that caused Plaintiff's injuries. ECF No. [27] at 8-21. However, the Court disregards those exhibits because Wal-Mart has not had an opportunity to dispute the exhibits' authenticity. *Cf. Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) (holding that a district court may properly consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed, meaning that the authenticity of the document is not challenged).

alleged negligence in its state court Complaint against Wal-Mart and Defendant John Doe. ECF No. [1-2] ¶¶ 8-15. The Notice of Removal states there is complete diversity between the parties because King is a citizen of Florida based on her residence in Broward County, Florida constituting *prima facie* evidence of King's domicile, ECF No. [1] ¶¶ 12, 13 (citing *Katz v. J.C. Penny Corp.*, 2009 WL 1532129, at *3 (S.D. Fla.)), and Wal-Mart is an incorporated entity organized under the laws of the State of Delaware whose principal place of business is in Arkansas. *Id.* ¶ 14. The Notice of Removal further states John Doe was fraudulently joined. *Id.* ¶¶ 15-18.

On June 15, 2023, Plaintiff filed an Amended Complaint, ECF No. [5], to which Wal-Mart filed an Answer on June 27, 2023. ECF No. [8]. On July 19, 2023, King filed a Motion to Amend Complaint to Substitute Party Defendant and Correct the Location and Date of the Incident. ECF No. [10] ("Motion to Amend"). The Motion to Amend stated King learned that McCalla was the manager on duty at the Wal-Mart Store at the time of the accident and sought to substitute McCalla as a Defendant in lieu of John Doe. *Id.* at 2-3. The Court granted the Motion to Amend, ECF No. [11] and on July 19, 2023, Plaintiff filed the Second Amended Complaint. ECF No. [12].

The Second Amended Complaint alleges that King and McCalla are individuals who reside in Broward County, Florida.[2] ECF No. [12] ¶¶ 2, 4. It further alleges that on October 24, 2021, Plaintiff slipped on liquid on the floor in the freezer aisle of Wal-Mart's store located at 1885 N. Pine Island Road, Broward County, Florida. *Id.* ¶¶ 5, 7. Defendant McCalla allegedly breached her duty of care to King in part by failing to "properly maintain and examine the floors to make sure they were safe and free from liquid and debris[.]" *Id.* ¶ 15.a.

---

[2] The parties do not dispute that King and McCalla are citizens of Florida.

**A. Motion**

King, a Florida citizen, contends this case should be remanded because Defendant McCalla, another Florida citizen, is a non-diverse Defendant who may be liable for Plaintiff's "slip-and-fall" as a store manager. ECF No. [23] at 5. In support, King cites *Krobatsch v. Target Corp.*, No. 20-81552-CIV, 2020 WL 6375175 (S.D. Fla. Oct. 30, 2020), that a store manager may be liable under Florida law for injuries from slips and falls at the store when he or she does not execute his or her duties and, when a non-diverse store manager is alleged to have failed to execute his or her duties (specifically by failing to "properly maintain and examine the floors to make sure they [are] safe and free from liquid and debris"), and remand is appropriate. *Id.* King thus argues Wal-Mart cannot show by clear and convincing evidence that McCalla was fraudulently joined because it is possible a state court would find the Second Amended Complaint states a cause of action against McCalla. *See, e.g.*, *Krobatsch*, 2020 WL 6375175, at *2 ("[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." (citing *Tillman v. R.J. Reynolds Tobacco*, 253 F.3d 1302, 1305 (11th Cir. 2001)) (alteration in *Krobatsch*)).[3]

Wal-Mart responds that *Krobatsch* is distinguishable. Wal-Mart contends that McCalla's Declaration ("McCalla Declaration") demonstrates that, unlike in *Krobatsch* where the store manager's declaration left unclear whether he was on constructive notice of the plaintiff's slip-and-fall, the McCalla Declaration affirmatively establishes that she was not on either actual or

---

[3] To the extent the Court finds a state court may find King states a cognizable claim against McCalla, the Court would find there is no fraudulent joinder because this Court should not "make an inquiry into the Plaintiff's motive in adding a non-diverse defendant." *Santacruz v. Target Corp.*, No. 8:09-cv-1565-T-33MAP, 2009 WL 10670466, at *3 (M.D. Fla. Oct. 16, 2009).

constructive notice. ECF No. [26] at 11.[4] Wal-Mart further states that the allegations that McCalla breached her duty to Plaintiff are belied by the McCalla Declaration. *Id.* at 12. Moreover, Wal-Mart contends the Second Amended Complaint fails to state a claim because it fails to allege McCalla's employment responsibilities beyond general administrative and supervisory duties that would give rise to McCalla's duty of reasonable care to King. *Id.* at 11-12, 13 (quoting *Dawson v. Wal-Mart Stores E., LP*, No. 21-cv-61750, 2021 WL 9525884 (S.D. Fla. Nov. 17, 2020) and citing *De Varona v. Disc. Auto Parts, LLC*, 860 F. Supp. 2d 1344, 1348 (S.D. Fla. 2012))).

## II. LEGAL STANDARD

Federal courts are "empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution, and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)) (internal quotation marks omitted); *see Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("Federal courts are courts of limited jurisdiction."). "[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d at 410 (alteration added).

"A district court can hear a case only if it has at least one of three types of subject matter jurisdiction: (1) jurisdiction under specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Thermoset Corp. v. Bldg. Materials Corp. of Am.*, 849 F.3d 1313, 1317 (11th Cir. 2017) (quoting *PTA-FLA, Inc. v. ZTE USA, Inc.* 844 F.3d 1299, 1305 (11th Cir. 2016)) (internal quotations omitted). Under 28 U.S.C. § 1331, district courts have jurisdiction over civil actions arising under

---

[4] The McCalla Declaration was filed at ECF No. [25-1].

the Constitution, laws, or treaties of the United States. District courts have diversity jurisdiction over cases in which the parties are completely diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

Pursuant to 28 U.S.C. § 1447, "if after removal, the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e); *see also Gallup v. Wal-Mart Stores E., LP*, No. 20-CV-14131, 2020 WL 5981473, at *1 (S.D. Fla. Oct. 8, 2020) ("When a plaintiff seeks to join a party that would destroy diversity jurisdiction after removal, the analysis begins with 28 U.S.C. § 1447(e) rather than the liberal amendment standards of Fed. R. Civ. P. 15."). Thus, in such situations, the court has "only two options: (1) deny joinder; or (2) permit joinder and remand [the] case to state court." *Ingram v. CSX Transp., Inc.*, 146 F.3d 858, 862 (11th Cir. 1998).

"A post-removal request to join a non-diverse party defendant 'is left to the discretion of the district court.'" *Laposa v. Walmart Stores E. LP*, No. 2:20-cv-182-FtM-29NPM, 2020 WL 2301446, at *2 (M.D. Fla. May 8, 2020) (quoting *Dean v. Barber*, 951 F.2d 1210, 1215 (11th Cir. 1992). In deciding whether to permit amendment to join a non-diverse party, courts consider several factors, including:

> (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether the plaintiff has been dilatory in seeking amendment, (3) whether the plaintiff would be significantly injured if the amendment were not permitted, and (4) any other factors bearing on the equities.

*Gardner v. Eco Lab Inc.*, No. 07-80163-CIV, 2007 WL 9701821, at *2 (S.D. Fla. May 9, 2007) (citation omitted); *see also Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)) ("*Hensgens* factors). "Additionally, the Court should also consider whether the joinder of the non-diverse party is fraudulent." *Laposa*, 2020 WL 2301446, at *2 (citation omitted). To establish

fraudulent joinder, "the removing party has the burden of proving by clear and convincing evidence that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011).

## III.   DISCUSSION

The Court begins with *Krobatsch*. In that case, the court stated that the store manager's declaration established that the store manager did not have actual notice of a spill that caused the plaintiff's fall, but the declaration stated "absolutely nothing about *constructive* notice[,]" and Florida law supports a store manager's liability if he is on constructive notice. *Krobatsch*, 2020 WL 6375175, at *4 (citing *Winn-Dixie Stores, Inc. v. Guenther*, 395 So. 2d 244, 246 (Fla. 3d DCA 1981) ("*Guenther*")) (emphasis in original). *Krobatsch* also found that the complaint was clear that the store manager was responsible for monitoring the cleanliness of the floors in the store and the store manager's declaration did not challenge that allegation. *Id.* On those facts and allegations, *Krobatsch* found defendant failed to carry its heavy burden to show fraudulent joinder and remanded the case. *Id.* at *5.

Here, the Second Amended Complaint alleges Plaintiff slipped on liquid on the floor in the freezer aisle of a Wal-Mart store because McCalla breached her duty of care owed to King by failing to "properly maintain and examine the floors to make sure they were safe and free from liquid and debris[.]" *Id.* ¶¶ 5, 7, 15.a. The McCalla Declaration states in substantial part the following:

> 1. My name is Kareen McCalla, and I am over the age of 18 and in all aspects competent and qualified to make this Declaration.
> 2. The information contained herein is based on my personal knowledge and/or information obtained by me from the records maintained by Walmart in its regular course of business.

>3. I am a citizen of the State of Florida.
>4. I am no longer employed by Walmart.
>5. On October 24, 2021, I was employed as the Team Lead at the Walmart Store located at 1885 N. Pine Island Road, Broward County, Florida where Plaintiff's incident took place.
>6. I do not, and have not at any time, owned, controlled, or operated the subject Walmart, neither in my individual capacity or as a Walmart emp. [*sic*]
>7. I did not witness Plaintiff's incident.
>8. I did not personally participate in the events leading up to Plaintiff's incident, nor did I engage in tortious conduct.
>9. I did not create the allegedly dangerous condition in the area of Plaintiff's incident.
>10. I did not personally leave the allegedly dangerous condition in the area of Plaintiff's incident.
>11. I did not have knowledge of a Wal mart [*sic*] associate creating the allegedly dangerous condition prior to Plaintiff's incident.
>12. I did not have knowledge of a customer creating the allegedly dangerous condition prior to Plaintiff's incident.
>13. I did not have any knowledge of the allegedly dangerous condition prior to Plaintiff's incident.
>14. I did not observe the allegedly dangerous condition prior to Plaintiff incident.
>15. I was not in the area prior to Plaintiff's incident, nor was I in the area at the time of Plaintiff's incident.
>16. I do not personally create procedures for the purpose of training employees.

ECF No. [25-1]. Defendant does not contest the applicability of *Krobatsch* to this action on the grounds that a "Team Lead" is meaningfully distinguishable from a "store manager." Assuming McCalla was a store manager at the relevant time, the McCalla Declaration does not foreclose the possibility that McCalla was on constructive notice of the liquid that caused Plaintiff's injury. Although McCalla contends she did not know of the liquid or cause it to form on the freezer aisle floor and was not in the vicinity of the freezer aisle "prior to" or at the time of the incident, the McCalla Declaration does not eliminate the possibility that the liquid was there for "long enough to charge a defendant with constructive notice." *Guenther*, 395 So. 2d at 246. The liquid may have been in the freezer aisle long enough precisely because McCalla was absent from the area for an inordinate length of time or never visited the freezer aisle during her work shift at all. For the same reason, the averments in the McCalla Declaration support that McCalla may be negligent in failing

to monitor and examine the floor in the freezer aisle. *See Krobatsch*, 2020 WL 6375175, at *4 (explaining that store manager could be liable for failing to know about the spill "precisely because he was negligent in carrying out [his] responsibilities—say, because, when one of his employees came to tell him about the spill, he was on a personal call, was out smoking a cigarette, or had stayed too long on his lunch break"). Under the reasoning in *Krobatsch*, remand is warranted.

Neither Wal-Mart nor McCalla argue the Second Amended Complaint fails to adequately allege McCalla was on constructive notice of the liquid in the freezer aisle. *See generally* ECF Nos. [23], [25]. Wal-Mart does not cite to any Florida case law that supports that the Second Amended Complaint inadequately alleges constructive notice. Rather, the allegations support that the liquid on which Plaintiff slipped had pooled on the floor in the freezer aisle on account of Defendants' failure to maintain the aisle for a sufficient duration of time to allow such pooling, further supporting that Defendants were on notice of the hazardous condition. *See* ECF No. [12] ¶ 7 ("Plaintiff . . . was shopping at said WALMART[] and was caused to fall to the floor due to the careless and negligent manner in which the floors were maintained in the store aisles. More specifically, the Plaintiff slipped on liquid on the floor *in the freezer aisle*.") (emphasis added). As such, Wal-Mart has failed to demonstrate the allegations in the Amended Complaint foreclose the possibility of liability under Florida law, which bolsters the Court's conclusion.

The Court also disagrees with Wal-Mart that the Second Amended Complaint fails to adequately allege that McCalla owed Plaintiff a duty of care. Wal-Mart relies on *Dawson* for that conclusion, but its reliance is misplaced. There, the plaintiff alleged she suffered bodily injuries after she slipped and fell on a liquid substance inside a Wal-Mart store and that one of the defendants was the store manager. *Dawson*, 2021 WL 9525884, at *1. The complaint also contained allegations that related to the store manager's "general administrative and supervisory

8

duties" that are attributable to any store manager. *Id.* at *2. On those allegations, the court determined the plaintiff failed to state a claim. *Id.* By contrast, the Second Amended Complaint alleged McCalla was "actively negligent" because it alleges that McCalla breached a duty of care owed to Plaintiff for failing to properly maintain and examine the floor, ECF No. [12] ¶ 15.a. *See White v. Wal-Mart Stores, Inc.*, 918 So. 2d 357, 358 (Fla. 1st DCA 2005) ("contrary to [the store manager's] argument, the third amended complaint alleges more than mere technical or vicarious fault—it alleges that [the store manager] was directly responsible for carrying out certain responsibilities; that he negligently failed to do so; and that, as a result, [the plaintiff] was injured.").[5]

*De Varona* is similarly unavailing to Wal-Mart's argument. There, the plaintiff alleged the store manager had a duty to use ordinary care to maintain the parking lot on which the plaintiff fell due to the presence of oil or another "transitory foreign substance" because the store manager failed to remove or warn that substance. *De Varona*, 860 F. Supp. 2d at 1345. The store manager submitted a declaration in which he attested that he was not in the parking lot when the alleged accident occurred, that he could not see the parking lot from his vantage point in the store, and that he had no knowledge of the hazardous condition in the parking lot at the time of the plaintiff's injury. *Id.* at 1347. The plaintiff submitted unauthenticated pictures to demonstrate the store manager knew or should have known of the spill in the parking lot, but the court determined those pictures did not support that the store manager knew of the spill. *Id.* Accordingly, the court held the store manager had not committed or participated in the alleged tort. *Id.* Here, however, Plaintiff

---

[5] To the extent Wal-Mart argues King fails to state a claim because Plaintiff has used the same allegations against both Wal-Mart and McCalla, *Dawson* does not support that conclusion. *Dawson* stated that the plaintiff's duplication of allegations against the store manager and Wal-Mart supported that the plaintiff merely alleged general administrative and supervisory duties, which are insufficient to state a claim for relief against the store manager. *Dawson*, 2021 WL 952584, at *2. But *Dawson* did not find that such duplication formed an independent basis to deny the plaintiff's motion to remand.

has alleged that McCalla's duty of care extended to examining and maintaining the floors of the Wal-Mart store in this case. As set forth above, McCalla's purported lack of knowledge supports that she negligently failed to examine the floors. By contrast, based on the discussion in *De Varona*, the complaint in that case did not allege that the store manager had a duty to examine the parking lot. Accordingly, Wal-Mart has failed to show King fraudulently joined McCalla in this action, and remand of this action is warranted.[6]

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion for Remand, **ECF No. [23]**, is **GRANTED**.

2. This case is **REMANDED** to the Seventeenth Judicial Circuit in and for Broward County, Florida.

3. All pending deadlines and hearings are **TERMINATED**.

4. All other pending motions are **DENIED AS MOOT**.

5. The Clerk of Court shall **CLOSE** this case.

---

[6] The Court adds that the foregoing nevertheless demonstrates that Wal-Mart had "an objectively reasonable basis for seeking removal." *See* 28 U.S.C. § 1447(c). Accordingly, fees are not warranted in this case.

Case No. 23-cv-61047-BLOOM/Valle

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 2, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record